UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RODNEY JONES,

      Plaintiff,

   v.

CITY OF ATLANTIC CITY and
AMERICAN FEDERATION OF STATE,
COUNTY, AND MUNICIPAL
EMPLOYEES, AFL-CIO LOCAL 2303,

      Defendants.

HONORABLE JOSEPH E. IRENAS

CIVIL ACTION NO. 07-CV-2405
(JEI)

**OPINION**

**APPEARANCES:**

ANDREW M. SMITH & ASSOCIATES, PC
By:  Andrew M. Smith, Esq.
10 North Chestnut Avenue
Maple Shade, NJ 08052
    Counsel for Plaintiff

SOLICITORS OFFICE FOR ATLANTIC CITY
By:  John Charles Hegarty, Esq.
City Hall
1301 Bacharach Boulevard
Atlantic City, NJ 08401-3603
    Counsel for Defendant, City of Atlantic City

O'BRIEN, BELLAND & BUSHINSKY, LLC
By:  Brett I. Last, Esq.
2111 New Road
Suite 101
Northfield, NJ 08225
    Counsel for Defendant, American Federation of State, County,
       and Municipal Employees, AFL-CIO Local 2303

**IRENAS**, Senior District Judge:

    Presently before the Court is Defendant American Federation

of State, County, and Municipal Employees, AFL-CIO Local 2303's

1

(the "Union") Motion to Dismiss in Lieu of Answer.  (Docket No.
2.)  Plaintiff claims that the Union breached its duty of fair
representation.  The Union's alleged duty arose in connection
with Plaintiff's termination by Defendant City of Atlantic City
(the "City") on October 18, 2006.  For the reasons set forth
below, the motion to dismiss will be granted because the Court
lacks subject matter jurisdiction over Plaintiff's claim against
the Union and declines to exercise supplemental jurisdiction.[1]

**I.**

Plaintiff was employed by the City's Department of Public
Works as a motor broom operator in February, 2006.  (Complaint
¶ 7.)  Approximately eight months later, on October 18, 2006,
Plaintiff received notice from the City that he was being
terminated.  (*Id.* ¶ 11.)  The City's notice provided no
explanation as to the reason for Plaintiff's termination.  (*Id.*)

Plaintiff's employment was governed by a collective
bargaining agreement ("CBA") between the City and the Union.
(*Id.* ¶ 8.)  Under the CBA, employees were required to file any
grievances in writing.  (*Id.* ¶ 9.)  A grievance would then be
presented to progressive levels of management for review and

---

[1]  Because the Court will grant the Union's motion to
dismiss for lack of subject matter jurisdiction pursuant to Fed.
R. Civ. P. 12(b)(1), it does not need to consider the Union's
alternative argument that Plaintiff "fail[s] to state a claim
upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).

written response.  (*Id.*)  Plaintiff, as a member of the Union, was "entitled to receive counsel, guidance, and representation from [the Union] from the filing of his grievance through the entire review process."  (*Id.* ¶ 10.)

Pursuant to the terms of the CBA, Plaintiff filed a written grievance with the Union on October 20, 2006, as a result of his termination.  (*Id.* ¶ 12.)  Accompanied by his "union steward," Plaintiff also hand-delivered copies of his grievance to the Director of Public Works, Department of Human Resources, and Business Administration offices of the City.  (*Id.*)  Thereafter, the Union did not provide Plaintiff with any information on his grievance.  (*Id.* ¶¶ 13-14.)  Plaintiff called several times to inquire about its status, and was eventually instructed to contact the President of the Union directly.  (*Id.* ¶ 14.)  When he did, Plaintiff was informed that "the city didn't want to hear his case," and he was instructed to send a letter to an agency in Trenton, New Jersey.  (*Id.* ¶ 15.)

Plaintiff sent a letter as instructed by the President of the Union, but received no response.  (*Id.* ¶ 16.)  In January, 2007, Plaintiff contacted the Union for the final time and was again advised that "the city didn't want to hear his case."  (*Id.* ¶ 17.)  Plaintiff filed a Complaint with this Court on May 22, 2007, alleging that the Union breached its duty of fair

representation.[2]   The Union filed this motion to dismiss on July

19, 2007, asserting that the Court lacks subject matter

jurisdiction over Plaintiff's claim against the Union and,

alternatively, that Plaintiff fails to state a claim upon which

relief can be granted.


## II.

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) may

be treated as either a facial or factual challenge to the court's

subject matter jurisdiction.  *Gould Elecs. Inc. v. United States*,

220 F.3d 169, 176 (3d Cir. 2000) (citing *Mortensen v. First Fed.

Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)).  "In

reviewing a facial attack, the court must only consider the

allegations of the complaint and documents referenced therein and

attached thereto, in the light most favorable to the plaintiff."

*Id.* (citations omitted).  "In reviewing a factual attack, the

court may consider evidence outside the pleadings."  *Id.*

(citations omitted).  The Union's present motion to dismiss is a

facial challenge to the Court's subject matter jurisdiction.

Therefore, the Court must accept Plaintiff's factual allegations

as true.  *See Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d

---

[2]   Plaintiff's claim against the Union is Count two of his
Complaint.  The remaining counts—one, three, and four—are against
the City alone.  The City's Motion for Summary Judgment (Docket
No. 10) on these counts is currently pending before the Court.

Cir. 2006) (citing *Mortensen*, 549 F.2d at 891).

## III.

The thrust of Plaintiff's Complaint is that the City terminated his employment in violation of the CBA and that the Union breached its duty of fair representation in connection with his termination and subsequent grievance.  Section 301 of the Labor Management Relations Act ("LMRA") states, in pertinent part:

> Suits for violation of contracts between an *employer* and a labor organization representing *employees* in an industry affecting commerce . . . may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a) (emphasis added).[3]  Ordinarily, and as is the case here, "an employee files a claim against the union alleging breach of the duty of fair representation together with a claim against the employer alleging breach of the collective bargaining agreement in a 'hybrid' section 301/duty of fair representation

---

[3]   Thus, this section establishes a District Court's jurisdiction over a claim against an "employer" alleging breach of a CBA.  A District Court's jurisdiction over a claim that a union has breached its duty of fair representation is based on 28 U.S.C. § 1337, which provides "original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce."  *See Felice v. Sever*, 985 F.2d 1221, 1226 (3d Cir. 1993) (citing *Breininger v. Sheet Metal Workers Int'l Ass'n Local Union No. 6*, 493 U.S. 67, 83 (1989)).

suit."[4]   *Felice*, 985 F.2d at 1226.

However, the Third Circuit has clearly held that a political subdivision of a state is not an "employer" under section 301 of the LMRA.[5]  *See Manfredi v. Hazleton City Auth., Water Dep't*, 793 F.2d 101, 104 (3d Cir. 1986); *Crilly v. Se. Pa. Transp. Auth.*, 529 F.2d 1355, 1357 (3d Cir. 1976).  Moreover, because a political subdivision is not an "employer," potential plaintiffs working for a political subdivision cannot be considered "employees," and therefore a union does not "represent[] employees" for purposes of section 301.[6]  *Manfredi*, 793 F.2d at 104 (adhering to *Crilly* as precedent).  Thus, the necessary conclusion is that a District Court lacks subject matter jurisdiction over a plaintiff's claims that a political

---

[4]   In such a suit, "the plaintiff will have to prove that the employer breached the collective bargaining agreement in order to prevail on the breach of duty of fair representation claim against the union, and vice versa."  *Felice*, 985 F.2d at 1226 (citing *United Parcel Serv., Inc. v. Mitchell*, 451 U.S. 56, 66-67 (1981) (Stewart, J., concurring in the judgment)).

[5]   Section 501(3) of the LMRA, 29 U.S.C. § 142(3), incorporates by reference the definition of employer contained in section 2(2) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 152(2), which states in pertinent part: "The term 'employer' includes any person acting as an agent of an employer, directly or indirectly, *but shall not include . . . any State or political subdivision thereof . . . .*" (emphasis added).

[6]   Similarly, section 501(3) of the LMRA incorporates by reference the definition of employee contained in the NLRA, which states in pertinent part: "The term 'employee' . . . shall not include any individual employed . . . by any other person who is not an employer as herein defined."  29 U.S.C. § 152(3).

subdivision of a state breached a CBA and that a union breached

its duty of fair representation in connection with such a CBA.

*Id.*; *Crilly*, 529 F.2d at 1362-63; *see also Felice*, 985 F.2d at

1226-27 ("We have previously held that the term 'employer' . . .

excludes 'any State or political subdivision thereof,' and

therefore the federal courts lack subject matter jurisdiction

over a duty of fair representation claim brought by an employee

of such an entity." (citations omitted)).

Here, the face of Plaintiff's Complaint makes the obvious

clear—the City is a political subdivision of the State of New

Jersey, and therefore is not an employer under section 301 of the

LMRA.  (*See* Complaint ¶ 5 (stating that "agencies and

subdivisions of the State of New Jersey government are named

defendants herein")).  Plaintiff's Complaint also makes clear

that he "brings this action against Defendants under the LMRA,

1947, § 301, for breach of contract by the employer and breach of

duty of fair representation by the Union," which he cannot do.

(*Id.* ¶ 4.)  Therefore, following Third Circuit precedent, this

Court must conclude that it lacks subject matter jurisdiction

over two of Plaintiff's claims: first, Count one of his Complaint

against the City alleging breach of the CBA;[7] and second, Count

---

[7]  Contrary to Plaintiff's novel argument that the defense
of lack of subject matter jurisdiction can somehow be waived
because the City filed an answer, "it is well-settled that a
party can never waive lack of subject matter jurisdiction."
*Brown v. Phila. Hous. Auth.*, 350 F.3d 338, 346-47 (citing

two against the Union alleging breach of its duty of fair

representation.

    Nonetheless, while not entirely evident from Plaintiff's

brief, it appears that he requests that this Court exercise

supplemental jurisdiction over these claims because the Court has

subject matter jurisdiction over the remaining claims against the

City.[8]  In cases where a District Court has original jurisdiction

over some claims, it also has "supplemental jurisdiction over all

other claims that are so related to claims in the action within

such original jurisdiction that they form part of the same case

or controversy."  28 U.S.C. § 1367(a).  However, a District Court

may decline to exercise supplemental jurisdiction if "the claim

raises a novel or complex issue of State law."  *Id.* § 1367(c)(1).

    On this precise basis, as well as concerns for "judicial

economy, convenience, fairness, and comity," several District

Courts have declined to exercise supplemental jurisdiction as to

a state law duty of fair representation claim against a union.

---

numerous cases in support of this proposition).  Indeed, while no
party has raised the issue of this Court's subject matter
jurisdiction over Count one of Plaintiff's Complaint against the
City, Fed. R. Civ. P. 12(h)(3) states, "Whenever it appears by
suggestion of the parties *or otherwise* that the court lacks
jurisdiction of the subject matter, the court *shall* dismiss the
action." (emphasis added).

    [8]  Plaintiff brings Counts three and four against the City
pursuant to 42 U.S.C. § 1983, alleging violations of his rights
to procedural and substantive due process.  The Court has subject
matter jurisdiction over these claims under 28 U.S.C. § 1331.

*See Rodriguez-Rivera v. City of New York*, No. 05 Civ. 10897, 2007 U.S. Dist. LEXIS 19793, at *10-11 (S.D.N.Y. Mar. 12, 2007); *Holt v. Ohio*, No. C2-05-894, 2006 U.S. Dist. LEXIS 69960, at *26-28 (S.D. Ohio Sept. 26, 2006); *Plummer v. Chester Hous. Auth.*, No. 94-4777, 1994 U.S. Dist. LEXIS 17744, at *18-21 (E.D. Pa. Dec. 9, 1994).  In light of these cases, and because the duty of fair representation claim is the only Count brought against the Union, the Court declines to exercise supplemental jurisdiction over this claim.  In addition, because the duty of fair representation claim and the breach of contract claim against the City are "inextricably interdependent," *Felice*, 985 F.2d at 1226, the Court will not exercise supplemental jurisdiction over Count one against the City.

## IV.

For the reasons set forth above, the Court will grant the Union's Motion to Dismiss in Lieu of Answer.  The Court will also, *sua sponte*, dismiss Count one of Plaintiff's Complaint against the City.  The Court will issue an appropriate Order.

Dated: December 19, 2007

s/ Joseph E. Irenas
**JOSEPH E. IRENAS, S.U.S.D.J.**

9