UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RODNEY JONES,

       Plaintiff,

   v.

CITY OF ATLANTIC CITY,

       Defendant.

HONORABLE JOSEPH E. IRENAS

CIVIL ACTION NO. 07-CV-2405
(JEI)

**OPINION**

**APPEARANCES:**

ANDREW M. SMITH & ASSOCIATES, PC
By:  Andrew M. Smith, Esq.
10 North Chestnut Avenue
Maple Shade, NJ 08052
    Counsel for Plaintiff

SOLICITORS OFFICE FOR ATLANTIC CITY
By:  John Charles Hegarty, Esq.
City Hall
1301 Bacharach Boulevard
Atlantic City, NJ 08401-3603
    Counsel for Defendant, City of Atlantic City

**IRENAS,** Senior District Judge:

    Presently before the Court is Defendant City of Atlantic

City's (the "City") Motion for Summary Judgment.  (Docket No.

10.)  For the reasons set forth below, the Court will grant in

part and deny in part the City's motion.

**I.**

    The factual background of this case is provided in an

Opinion of the Court entered on December 19, 2007.[1]  (Docket No. 13.)  As a result of that Opinion, Defendant American Federation of State, County, and Municipal Employees, AFL-CIO Local 2303 was dismissed from the case.  In addition, the Court dismissed Count One of Plaintiff's Complaint alleging breach of contract against the City.  The City's present motion seeks summary judgment on Plaintiff's two remaining claims brought pursuant to 42 U.S.C. § 1983: (1) that the City deprived Plaintiff of his Fourteenth Amendment substantive due process rights (Compl. Count III); and (2) that the City deprived Plaintiff of his Fourteenth Amendment procedural due process rights (Compl. Count IV).  The following additional facts are relevant to the City's motion.

The City initially hired Plaintiff as a "Truck Driver" on March 20, 2006.  (Pl's Ex. A.)  Less than one month later Plaintiff's job title was changed to a "Motor Broom Operator," and he received a six percent increase in his salary.  (Pl's Ex. B.)  The City terminated Plaintiff by letter on October 18, 2006, but did not provide him with an explanation as to the basis for his termination.  (Df's Ex. B.)  The primary dispute between the parties is whether Plaintiff was a "permanent employee," thereby providing him a property interest entitled to protection under the Fourteenth Amendment, or whether his appointment was merely

---

[1]  *See Jones v. City of Atlantic City*, No. 07-cv-2405, 2007 WL 4545898 (D.N.J. Dec. 19, 2007).

"provisional," entitling him to no due process rights.

## II.

"Under Rule 56(c), summary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)).

In deciding a motion for summary judgment, the Court must construe the facts and inferences in a light most favorable to the nonmoving party.  *Pollock v. Am. Tel. & Tel. Long Lines*, 794 F.2d 860, 864 (3d Cir. 1986).  "'With respect to an issue on which the nonmoving party bears the burden of proof, the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case.'"  *Conoshenti v. Pub. Serv. Elec. & Gas*, 364 F.3d 135, 145-46 (3d Cir. 2004) (quoting *Celotex*, 477 U.S. at 325).  The role of the Court is not "to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

**III.**

42 U.S.C. § 1983[2] provides a remedy for the deprivation of rights established by the Constitution or federal laws. *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996). "In order to establish a section 1983 claim, a plaintiff must demonstrate a violation of a right secured by the Constitution and the laws of the United States and that the alleged deprivation was committed by a person acting under color of state law."[3] *Id.* (internal quotation marks omitted). Plaintiff alleges that his procedural and substantive due process rights, guaranteed by the Fourteenth Amendment, were violated. The City argues that no such violations occurred as a matter of law. The Court will first address Plaintiff's procedural due process claim, and then it will discuss his substantive due process claim.

-------------------

[2]  The statute provides, in pertinent part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

[3]  The City does not address the issue of whether the alleged violations of Plaintiff's federal rights were "committed by a person acting under color of state law." Based on the record, and the City's silence on the issue, the Court is satisfied that this second requirement to establish a § 1983 claim is met here.

4

**A.**

The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." "One who has been dismissed from public employment must make two showings to establish that the dismissal violated [procedural] due process: (1) that the dismissal deprived him of a property or liberty interest, and (2) that the employer did not afford him adequate procedural protections in connection with the action."[4] *Richardson v. Felix*, 856 F.2d 505, 507 (3d Cir. 1988). "The 'property' interests protected by the due process clause of the fourteenth amendment 'are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits.'" *Id.* at 507-08 (quoting *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972)).

In arguing that Plaintiff did not have a property interest in his employment, the City looks to the New Jersey Civil Service Act (the "Act"), N.J. Stat. Ann. §§ 11A:1-1 to 12-6, which

---

[4]   The City concedes that Plaintiff did not receive any procedural protections in connection with his dismissal; he merely received a letter stating that he was being terminated. The City's sole argument is that Plaintiff cannot establish that he had a property interest in his employment. Thus, according to the City, without such a property interest Plaintiff was not entitled to procedural protections under the Due Process Clause.

governs public employment in the state of New Jersey.  The Act
establishes a principal department in the state's executive
branch, known as the Department of Personnel ("DOP"), which
serves to enforce the Act.  *Id.* §§ 11A:2-1 to -2.  In addition,
the New Jersey Administrative Code ("NJAC") provides rules "to
establish a personnel system that provides a fair balance between
managerial needs and employee protections for the effective
delivery of public services consistent with Title 11A."  N.J.
Admin. Code § 4A:1-1.1.

      The NJAC and the Act distinguish between a "permanent
employee" and an employee who is provided a "provisional
appointment."[5]  New Jersey courts have noted that "[a]
provisional appointee does not enjoy the job protection accorded
to a permanent employee. . . .  The legislature has placed a high
priority on safeguarding the employment rights of permanent civil
service employees."  *In re Chief Clerk*, 660 A.2d 1217, 1218 (N.J.
Super. Ct. App. Div. 1995); *see also* N.J. Stat. Ann. §§ 11A:8-1
to -4 (granting permanent employees procedural protections prior
to layoffs, as well as discussing actions required before
layoffs, alternatives to layoffs, and rights to appeal); *Melani*

---

      [5]  A "permanent employee" is defined as "an employee in the
career service who has acquired the tenure and rights resulting
from regular appointment and successful completion of the working
test period."  N.J. Admin. Code § 4A:1-1.3.  A "provisional
appointment" is defined as "employment in the competitive
division of the career service pending the appointment of a
person from an eligible list."  *Id.*

*v. County of Passaic*, 786 A.2d 133, 137-38 (N.J. Super. Ct. App. Div. 2001); N.J. Admin. Code §§ 4A:2-2.1, 2.2, 2.5 (providing permanent employees procedural protections before the imposition of "major discipline").

The collective bargaining agreement governing Plaintiff's employment also recognizes this distinction, as it states that the City could not "discharge any permanent employee without just cause." (Pl's Ex. C, ¶ 21.6(a).) Thus, a permanent civil service employee in New Jersey has a significant property interest entitled to procedural protections, while a provisional appointee "is [generally] not vested with the right to retain provisional appointment or to have that status converted into a permanent one." *Melani*, 786 A.2d at 138.[6]

The City argues that Plaintiff must be considered a provisional appointee. In making this argument, it primarily relies on a letter from the DOP, which states that "Mr. Rodney S. Jones has never received permanent status as a Civil Service employee." (George Cert., Ex. D.) However, in arguing that there are genuine issues of material fact, Plaintiff points to

---

[6] The *Melani* court noted certain exceptions to this general rule with regard to provisional appointees. The court stated, "Provisional employees . . . are not entirely without any rights." *Id.* at 138-39 (citing New Jersey cases that recognized a liberty interest in pursuing subsequent public employment opportunities, and the court itself holding that a long-term provisional employee may be entitled to procedural due process under certain circumstances). However, the Court finds that these exceptions are not applicable under the facts of this case.

two "Request for Personnel Action" forms completed by the City. The first, which was created when Plaintiff was initially hired as a "Truck Driver" on March 20, 2006, has two typed "X"s next to the "Permanent Status" block.  Those typed marks appear to have been crossed out by hand, and a handwritten "X" was later placed in the "Provisional Status" block.[7]  The second form, which was generated when Plaintiff's job title and salary were modified on April 16, 2006, also has two typed "X"s next to the "Permanent Status" block, but no handwritten changes were made to this section.[8]

Defendant counters that this has no bearing on the case because, "[t]o have a property interest in a job, a person must have more than a unilateral expectation of continued employment; he must have a legitimate entitlement to it."  *Chabel v. Reagan*, 841 F.2d 1216, 1223 (3d Cir. 1988).  In other words, "Plaintiff's expectation or interpretation that he was permanent is immaterial to whether or not the City violated his due process rights." (Df's Reply Br. at 2.)  The Court is not persuaded.  There is a distinct difference between a unilateral expectation on the part

---

[7]  At the top of the form is another line provided for the entry of the "Effective Date Requested," which is the date that the personnel action should take effect.  A change was also made on the form to this block.  That handwritten change was appropriately initialed by the person making it, while the change to Plaintiff's status was not initialed.

[8]  A handwritten change, appropriately initialed, was again made to the "Effective Date Requested" block of this second form.

of Plaintiff alone, and a bilateral representation evinced by the
City labeling Plaintiff as a permanent employee on multiple
personnel forms.  It is not clear to the Court whether the City's
act of labeling Plaintiff's employment status as permanent, even
if done incorrectly from the DOP's perspective, creates a
legitimate entitlement to his civil service job.

Accordingly, the Court concludes that genuine issues of
material fact remain as to whether Plaintiff was considered a
permanent employee.  If his employment was intended to be
permanent, then he may have been deprived of a property interest
without adequate procedural protections.  Based on the current
record, the Court will deny the City's motion for summary
judgment on Plaintiff's procedural due process claim.[9]


**B.**

Turning to Plaintiff's substantive due process claim, the
Third Circuit has recognized that, "[w]hile on its face [the Due
Process Clause] speaks to the adequacy of state procedures, . . .
the clause also has a substantive component." *Nicholas v. Pa.
State Univ.*, 227 F.3d 133, 139 (3d Cir. 2000) (citing *Planned*

---

[9]   In support of his opposition to the City's motion,
Plaintiff raises an alternative argument to the one discussed
above.  However, the Court does not need to reach his alternative
argument, which seeks complete and full discovery pursuant to
Fed. R. Civ. P. 56(f), because the Court agrees with Plaintiff
that there are genuine issues of material fact with regard to his
procedural due process claim.

*Parenthood of S.E. Pa. v. Casey*, 505 U.S. 833, 846-47 (1992)).
"To prevail on a non-legislative substantive due process claim, a
plaintiff must establish as a threshold matter that he has a
protected property interest to which the Fourteenth Amendment's
due process protection applies."  *Id.* at 139-40 (internal
quotation marks omitted).[10]   In addition, whether a property
interest is entitled to substantive due process protection "is
not determined by reference to state law, but rather depends on
whether that interest is 'fundamental' under the United States
Constitution."  *Id.* at 140.  "If the interest is not
'fundamental,' . . . the governmental action is entirely outside
the ambit of substantive process."  *Id.* at 142.

    In *Nicholas*, the Third Circuit joined the majority of courts
of appeals in holding that a university professor's tenured
public employment was not a fundamental property interest
entitled to substantive due process protection.  *Id.*  The court
noted that the professor's employment was a "wholly state-created
contract right; it bears little resemblance to other rights and
property interests that have been deemed fundamental under the
Constitution."  *Id.* at 143.  The court viewed "public employment

---

    [10]  As the Court just discussed in Part III-A, there remains
a genuine issue of material fact on this threshold matter.
Construing the facts and inferences in a light most favorable to
Plaintiff, the Court will assume that Plaintiff does have a
protected property interest as a permanent employee for purposes
of this analysis.

as more closely analogous to those state-created property
interests that [it had] previously deemed unworthy of substantive
due process than to the venerable common-law rights of real
property ownership." *Id.* (footnote omitted); *see also McCullough
v. City of Atlantic City*, 137 F. Supp. 2d 557, 566 (D.N.J. 2001)
(holding that police inspectors' loss of certain pay and benefits
as a result of defendants' actions was not entitled to
substantive due process protection).

Accordingly, the Court holds that any property interest
Plaintiff had in his public employment with the City is not
fundamental under the Constitution, and he would not be entitled
to substantive due process protection as a matter of law.  The
Court will grant the City's motion for summary judgment on
Plaintiff's substantive due process claim.

## IV.

For the reasons set forth above, the Court will grant in
part and deny in part the City's Motion for Summary Judgment.
The Court will issue an appropriate Order.


Dated: March 17, 2008


                              s/ Joseph E. Irenas
                              **JOSEPH E. IRENAS, S.U.S.D.J.**

11